# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed November 17, 1927.

---

SUPREME LODGE OF THE WORLD, LOYAL ORDER OF MOOSE, ET AL.,

VS.

SUPREME LODGE, INDEPENDENT BENEVOLENT PROTECTIVE ORDER OF MOOSE, INC., ET AL.

---

*Wm. Trickett Giles, Benjamin H. McKindless, Ladner & Ladner* and *H. Crowell Pepper* (of Philadelphia, Pa.) for complainants.

*Samuel K. Dennis, Pope H. Billups* (New York) for defendants.

STANTON, J. (Orally)—

The plaintiff, the Supreme Lodge of the World, Loyal Order of Moose, and the defendant, Supreme Lodge, Independent Benevolent Protective Order of Moose, Inc., are secret and fraternal organizations, the purposes and object of each being in some respects similar to those of the other. The plaintiff confines its membership to the white race and the defendant exclusively to the colored race. The plaintiff existed and was incorporated long prior to the existence and incorporation of the defendant. The defendant, Supreme Lodge, Independent Benevolent Protective Order of the Moose was incorporated in the State of New York.

Concord Lodge, Independent Benevolent Protective Order of Moose, one of the defendants, is an unincorporated body, being one of the subordinate branches of the parent corporation. It has now about thirty-five members. Baltimore Lodge No. 70, Loyal Order of Moose, one of the plaintiffs, is a body corporate, and is a subordinate branch of the parent corporation. Supreme Lodge of the World, Loyal Order of Moose, and is under its jurisdiction.

The plaintiffs seek to enjoin the use of the word "Moose" as part of the name of the defendants, and also the use of a moose head as the emblem of the defendant, and also the use of part of its ritual.

The plaintiff, Supreme Lodge of the World, Loyal Order of Moose, has grown until it has a tremendous membership, and a property ownership of approximately five millions of dollars. The defendants seem to have practically appropriated the emblem, a n d some parts of the ritual of the plaintiff. The name of the plaintiff has by a common usage been merged into one word "Moose," and the name of the defendant is so similar as to confuse and mislead the public into the belief that they are parts of one and the same order. The Afro-American Owl case in 123 Md. was distinguished by the prefixing of the words "Afro-American." In the instant case the name of the plaintiff is the Supreme Lodge of the World, Loyal Order of Moose, while the defendant parent body is Supreme Lodge, Independent Benevolent Protective Order of Moose. There is nothing to indicate they are separate corporations, except a few additional words in the name of the defendant, but in each instance the outstanding word emphasized is "Moose," and both orders intend it so to be.

The emblem is almost identical. That of the plaintiff, which is the original corporation, is a moose head in a circle

or band, and the letters "L. O. O. M." entwined in the antlers or horns of the animal; while the emblem of the defendant is a moose head without the circle or band, but it has entwined in the antlers or horns of the animal the letters "C. A. P." These letters in the emblem of both orders are hardly distinguishable, except to one connected with the order, but the outstanding thing in the emblem is the moose head, and to the ordinary eye and mind would suggest and appear to be the same emblem in character and design. There are no distinguishing features about either except upon very minute examination. They appear to be the insignia of one and the same order. It can hardly be open to doubt that it is extremely likely to mislead and deceive. Several parts of the ritual are verbatim, and it is impossible that they should be so, except as a copy of the original order. Since the institution of these proceedings the Courts of New York, which is the State from which the defendant received its charter, have perpetually enjoined the further use of all of these features by the defendant, the Supreme Lodge, Independent Benevolent Protective Order of Moose, Inc., and t h i s Court cannot be unmindful of that finding, or fail to give effect to that decision. 270 Fed., page 723.

And in the State of New Jersey, the Supreme Lodge of the World, Loyal Order of Moose, was held to be entitled to restrain the Improved Benevolent Protective Order of Moose of the World from using the word "Moose." 123 Atlantic Rep. 532.

The plaintiff organization has become so well and widely known simply as "Moose" that the assumption of a title containing that appellation by any other independent benevolent organization or fraternal order would in and of itself convey the false impression that there was some connection between them. B. P. O. Elks vs. Imp. B. P. O. Elks, 205 N. Y. 459.

The facts in this case as disclosed by the evidence and exhibits are very similar to the case just referred to, and clearly distinguish it from the case of the Afro-American Owls, which was decided by the Court of Appeals of Maryland. For these reasons an injunction will be granted restraining the use of the word "Moose," and use of the emblem of the moose head.